UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:09-CR-00154 |
| v. | : | **OPINION AND ORDER** |
| GREGORY TATE | : | |

This matter is before the Court on Defendant's Motion to Suppress Evidence (doc. 13), and the Government's Response (doc. 15). The Court held a hearing on the matter on December 2, 2009.

Defendant in his motion sought suppression of the firearms at issue in the case as well as all statements made, claiming that the firearms were the fruits of an impermissible search and arrest in violation of the Fourth Amendment, and the statements were given in violation of the Fifth Amendment (doc. 13). However, at the hearing, Defendant withdrew the motion as to the firearms and all Fourth Amendment issues and proceeded only with respect to the statements.

The issue before the Court, therefore, is whether the officers properly administered to Defendant the warnings derived from <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966)(the "Miranda warnings"), before Defendant was subjected to custodial interrogation. The Court heard from Hamilton County Sheriff Deputy Kidd and Hamilton County Sheriff Patrol Officer Singleton, both of

whom were present for the incident in question.  In addition, the Court reviewed documentary evidence submitted by both the Government and Defendant, which evidence included reports prepared by Officer Singleton and interview notes from interviews of the officers regarding the incident.

Although the Court found the documentary evidence confusing, the direct testimony by Officer Singleton was that he administered the Miranda warnings to Defendant on two separate occasions prior to any   custodial interrogation of Defendant. Deputy Kidd testified that he heard the Miranda warnings given to Defendant before interrogation.  No evidence of substance of a contrary nature was presented.

The Court is satisfied that the Government has met its burden regarding the administration of the Miranda warnings to Defendant before any custodial interrogation.  Therefore, the Court DENIES Defendant's Motion to Suppress (doc. 13).


 SO        ORDERED.


Dated: December 3, 2009        /s/ S. Arthur Spiegel
                                                 S. Arthur Spiegel
                                                 United States Senior District Judge